I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 4-25-11

DEPUTY CLERK

FILED

APR 25 2011

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LESLIE FRANK PAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>NCCF MEDICAL DORM, et al.,<br><br>    Defendants. | Case No. CV 11-2924-PA (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.  Procedural Background

Leslie Frank Payne is currently a prisoner at the Terminal Annex of the Los Angeles County Jail. He filed this pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, on April 14, 2011. The complaint alleges a variety of acts of misconduct against various defendant, on dates spanning over three years. However, it does not state the date of each alleged act of misconduct, when it was committed or who committed it.

The misconduct is alleged to have taken place in January 2008, December 2010, and January 2011. In identifying the defendants, Plaintiff states that Officer Bryant busted his eye and cheek for no reason; Sgt. Flores did not let him go to the hospital for 18 days; Dr. Claybrook tried to force him to take medication for a staph

infection; Dr. Dafeend (sp?) tried to convince him to take new medication; and that Sheriff Lee Baca "didn't do anything" but has control over the staff.

In the body of the complaint, Plaintiff alleges only professional negligence for the mistreatment of a pimple that turned into a staph infection. He does not state which defendants caused the alleged harm. Plaintiff seeks class certification, money damages, and life time medical care.

## II. **Discussion and Analysis**

### A. **Duty to Screen**

The Court has screened the complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff.

*Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

As will be discussed below, the complaint is deficient on its face in most respects. However, as required by circuit precedent, the complaint will be dismissed with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

**B. Plaintiff May Not Seek Class Certification**

It is well established that a pro se prisoner may not bring a class action on behalf of other inmates. *Simon v. Hartford Life*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, Plaintiff's request to bring this lawsuit as a class action on behalf of other inmates is DENIED.

**C. Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Sheriff Baca.**

To the extent that Plaintiff is alleging that Sheriff Baca is liable due to his supervisory role over jail staff, he has failed to state a claim upon which relief may be granted. Supervisory officials or agencies are generally not responsible for the conduct of their subordinates on a theory of vicarious liability in civil rights actions brought under 42 U.S.C. § 1983. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d

895, 915 (9th Cir. 2001); *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers*, 267 F.3d at 915; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

At best, Plaintiff has failed to allege anything more than respondeat superior against Sheriff Baca. There is no allegation that he participated in the events giving rise to the alleged assault. However, there can only be liability under section 1983 if there is an affirmative link or connection between the defendant's actions and the claimed injury. *Rizzo v. Goode*, 423 U.S. 362. 372-73 (1976). Therefore, absent a showing of personal involvement or some causal connection between the conduct of Sheriff Baca and the injury, there is no basis upon which the Baca can be found liable under section 1983. Accordingly, Lee Baca must be dismissed as a defendant.

**D. Plaintiff Has Again Failed To State a Claim for Deliberate Indifference to a Serious Medical Need**

Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated by the actions of Defendants. More specifically, Plaintiff claims that a pimple between his eyes was improperly treated resulting in a staph infection.

Under the Eighth Amendment, the government has an obligation to provide medical care for prisoners. *Estelle v. Gamble*, 429 U.S. 97

(1976). However, not every breach of that obligation is of constitutional magnitude. In order to succeed on an Eighth Amendment medical care claim, Plaintiff must show "deliberate indifference to serious medical needs." *Id.* at 104.

In the Ninth Circuit, the deliberate indifference test is comprised of two parts. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Plaintiff must first show the existence of a "serious medical need." "Examples of serious medical needs include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Lopez* 203 F.3d at 1131 (quoting *McGuckin*, 974 F.2d at 1059-60).

In addition, Plaintiff must show that the defendant's response to this need was deliberately indifferent. *Jett*, 439 F.3d at 1096. Prison officials may be deliberately indifferent to a prisoner's serious medical needs when they delay, deny or intentionally interfere with medical treatment. *Id.*; *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992) (overruled on other grounds). However, deliberate indifference exists only where the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *accord Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin*, 974 F.2d at 1060 ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.").

Under this standard, neither an inadvertent failure to provide adequate medical care nor mere negligence or medical malpractice rise to the level of a constitutional violation. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, a plaintiff's disagreement with the type and adequacy of the medical treatment that he was provided does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 107 (complaint that a doctor has been negligent in treating a medical condition does not state a valid claim under the Eighth Amendment); *Jackson*, 90 F.3d at 332.

Here, Plaintiff has failed to allege a cognizable claim for relief. Plaintiff merely states that he was subjected to professional negligence when he was given an ointment rather than an antibiotic to treat his pimple. When he was eventually given the antibiotic, the staph infection was cured. The asserted facts allege only run-of-the-mill negligence by Defendants in a non-emergency situation. This alleged negligence is simply insufficient to state a claim under the Eighth Amendment. *See Toguchi*, 391 F.3d at 1058.

**E. Plaintiff May be Able to State Claims for Relief Against Officer Bryant and Sgt. Flores**

Plaintiff alleges that Officer Bryant busted his eye and cheek and that Sgt. Flores denied him hospitalization. However, Plaintiff does not state when these events happened or the underlying facts. Under these circumstances, he has failed to state a claim upon which relief may be granted. However, if the facts are developed, it may be that Plaintiff can state a viable claim against these defendants.

IT IS THEREFORE ORDERED as follows:

a. The complaint is dismissed without prejudice for the

reasons stated above.

   b.   Plaintiff has until **May 18, 2011**, to file a first amended complaint, that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[1] Any amended complaint must bear the docket number assigned in this case and must be labeled first amended complaint." Plaintiff is advised that an amended complaint is a document stating one or more causes of action against one or more defendants. Local Rule 15-2. Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims, the specific defendant to whom the facts apply; and the nature of the relief he seeks. The first amended complaint must be plainly written and legible.

   c.   If Plaintiff fails to timely file the amended complaint, or if the amended complaint fails to properly plead a cause of action against Defendants, the action will be subject to being dismissed with prejudice for failure to diligently prosecute or for failure to state a claim, or both.

   d.   The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action, he must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however,

---

[1] "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

attach a single additional page to detail his allegations, if necessary.

e.  Upon receipt of a legally sufficient complaint, the court will enter an order directing service upon the appropriately named defendants.

Dated: April 22, 2011

　　　　　　　　　　　　　　　／s／ Marc L. Goldman
Marc L. Goldman
United States Magistrate Judge