

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JUN - 1 2011
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LESLIE PAYNE, | Case No. CV 11-2924-PA (MLG) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| v. | |
| NCCF MEDICAL DORM, et al., | |
| Defendants. | |

On April 20, 2011, Plaintiff Leslie Frank Payne, then a prisoner at the Terminal Annex of the Los Angeles County Jail, filed this complaint pursuant to 42 U.S.C. § 1983, asserting constitutional violations arising from an alleged denial of medical care over a period of three years. On April 25, 2011, Magistrate Judge Marc L. Goldman screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the complaint with leave to amend. Plaintiff was given until May 18, 2011, in which to file an amended complaint. That Order was served on Plaintiff at the Terminal Annex of the Los Angeles

County Jail, the address he provided on the complaint. On May 3, 2011, the Order was returned to the Court with the notation that Plaintiff was no longer an inmate at the institution. All other correspondence has also been returned. Plaintiff has not informed the court of any change of address and has made no contact with the court since the filing of the complaint on April 20, 2011.

This action must be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *Ferdik*, 963 F.2d at 1260, 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Dismissal without prejudice would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants.

In addition, Plaintiff has failed to follow the mandate of L.R. 41-6. That rule provides that a *pro se* Plaintiff must keep the Court

apprised of his current address and phone number. "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court . . . of his current address, the Court may dismiss the action with or without prejudice." L.R. 41-6.

Here, the April 25, 2011 Order requiring Plaintiff to file an amended complaint was returned to the court on May 3, 2011. More than fifteen days have elapsed since service of the order and Plaintiff has not provided the Court with his current address. For this reason alone, dismissal is warranted.

Balancing all of these factors, dismissal of this action with prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: May 30, 2011

Percy Anderson
United States District Judge

Presented by:

MARC L. GOLDMAN

Marc L. Goldman
United States Magistrate Judge